## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| P.F. CHANG'S CHINA BISTRO, INC., | : | **CIVIL ACTION** |
| **Plaintiff** | : | **NO.** |
| | : | |
| vs. | : | |
| | : | |
| WESTERN FLOORING INSTALLATIONS, | : | |
| INC., | : | |
| **Defendant** | : | **MARCH 3, 2011** |

## COMPLAINT

The Plaintiff, P.F. Chang's China Bistro, Inc. ("P.F. Chang's"), for its Complaint against the Defendant, Western Flooring Installations, Inc. ("Western Flooring"), alleges, upon knowledge as to its own acts and upon information and belief as to the acts of others, as follows:

### THE PARTIES

1. P.F. Chang's is a Delaware corporation with a principal place of business in Arizona. It owns and operates restaurants nationwide.

2. Western Flooring is a California corporation having a principal place of business in California. It is a commercial flooring contractor.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. The matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs and is between citizens of different states.

4.      Venue is proper in the District of Massachusetts under 28 U.S.C. § 1391(a)(1) and (2) because Western Flooring is subject to personal jurisdiction in Massachusetts and a substantial part of the events or omissions giving rise to P.F. Chang's claims occurred in Massachusetts.

## FIRST COUNT

(Negligence – Natick Premises)

1-4.    Paragraphs 1 through 4 above are incorporated herein by reference.

5.      In or about February 2008, P.F. Chang's opened a new restaurant (the "Natick Restaurant") at space it leased at the Natick Mall in Natick, Massachusetts.

6.      In connection with the construction of the Natick Restaurant, P.F. Chang's entered into a contract with Western Flooring, for a total price of $85,849.50, for the installation of a waterproof epoxy floor in the kitchen portion of the restaurant, known as the "back of the house." Such contract was based on a proposal submitted by Western Flooring dated October 26, 2007, as modified by a document entitled "change order" also dated October 26, 2007, copies of which are attached hereto and incorporated herein by reference as Exhibits A and B, respectively. In such proposal, Western Flooring implicitly agreed and warranted to install the floor in a workmanlike manner using the degree of care and skill that a contractor of ordinary prudence would have exercised under comparable circumstances. PF Chang's orally accepted Western Flooring's proposal as stated in Exhibits A and B.

7.     PF Chang's, like all restaurants, uses water and liquid cleaning products to clean the floors in the "back of the house." The Natick Restaurant is located primarily on the second floor of the Natick Mall and the flooring to be installed by Western Flooring was on the second floor. It was therefore particularly important that the flooring to be installed by Western Flooring be waterproof, because otherwise water and other liquids would leak into the space below.

8.     In November 2007 Western Flooring installed an epoxy floor at the Natick Restaurant premises.

9.     Thereafter, P.F. Chang's paid Western Flooring the agreed contract price as stated above.

10.     The floor installed by Western Flooring included what it called "dry pack", which was used to slope the floor to the floor drains, and was to be covered by a Western Flooring custom-mixed epoxy flooring material and a polyurethane top coat. The dry pack was also a Western Flooring custom mix, and was made up of an epoxy polymer product and silica sand. Western Flooring impliedly agreed and warranted that such custom mixes would be suitable to create a waterproof floor with a reasonable useful life.

11.     Western Flooring (a) mixed and/or installed its custom dry pack negligently and improperly, and (b) applied the epoxy flooring material with insufficient thickness.

12.     As a result of the foregoing, the epoxy flooring material was prone to cracking and deterioration and the dry pack was unable to support the epoxy flooring material on top of it,

so that, beginning within six months or less of installation, that epoxy flooring material began to crack, and thereafter continued to crack. This allowed water to penetrate into and, ultimately, saturate the dry pack, causing a total failure of the floor. This resulted in water and other liquids leaking into the space below the Natick Restaurant.

13. Despite demands beginning in or about May 2008, Western Flooring refused to take the necessary corrective or remedial action.

14. As a result of the foregoing, P.F. Chang's was forced to incur costs of investigation and leak containment and, ultimately, to demolish and replace the entire floor that Western Flooring had installed. The demolition and replacement work had to be performed at night and in small increments so as to minimize disruption to restaurant operations. This substantially increased the cost. Such work was completed in or about April 2010 for a total cost to P.F. Chang's in excess of $139,000 exclusive of internal costs.

15. As a further result of the leaks caused by the failure of the floor, third parties – including the owner of the Natick Mall and/or certain of its tenants – may assert claims against P.F. Chang's.

16. Such damages, including potential future exposure to third party claims, was proximately caused by Western Flooring's breach, as aforesaid, of its duty of care owed to P.F. Chang's.

## SECOND COUNT

(Breach of Contract – Natick Premises)

1-15.   The allegations of Paragraphs 1 through 15 of the First Count are incorporated herein by reference.

16.   Such damage, including potential future exposure to third party claims, was caused by Western Flooring's breach of contract as described above.

## THIRD COUNT

(Breach of Implied Warranty - Natick Premises)

1-15.   The allegations of Paragraphs 1 through 15 of the First Count are incorporated herein by reference.

16.   Such damage, including potential future exposure to third party claims, was caused by Western Flooring's breach, as described above, of the implied warranties described in ¶¶ 6 and 10 above.

## FOURTH COUNT

(Declaratory Judgment – Natick Premises)

1-16.   The allegations of Paragraphs 1 through 16 of the First Count are incorporated herein by reference.

17-18.    The allegations of Paragraph 16 of the Second Count and Paragraph 16 of the

Third Count are incorporated by reference as Paragraphs 17 and 18, respectively, of the Fourth

Count.

19.    As a result of the foregoing, Western Flooring is obligated to indemnify P.F.

Chang's with respect to any claims that may be asserted against P.F. Chang's by third parties as

a result of the failure of the flooring installed by Western Flooring.

20.    There is an actual controversy between the parties concerning whether Western

Flooring is obligated to indemnify P.F. Chang's for third party claims as alleged in ¶19.

21.    P.F. Chang's seeks a declaratory judgment pursuant to 28 U.S.C. §2201 that

Western Flooring is obligated to indemnify P.F. Chang's for any third party claims asserted

against P.F. Chang's as a result of the failure of the flooring installed by Western Flooring.

## FIFTH COUNT

(Negligence – West Hartford Premises)

1-4.    Paragraphs 1 through 4 above are incorporated herein by reference.

5.    In or about December 2008, P.F. Chang's opened a new restaurant (the "West

Hartford Restaurant") at space it leased at the West Farms Mall in West Hartford, Connecticut.

6.    In connection with the construction of the West Hartford Restaurant, P.F. Chang's

entered into a contract with Western Flooring, for a total price of $85,197.50, for the installation

of a waterproof epoxy floor in the kitchen portion of the restaurant, known as the "back of the

house." Such contract was based on a proposal submitted by Western Flooring dated October 3, 2008, a copy of which is attached hereto and incorporated herein by reference as Exhibit C. In such proposal, Western Flooring implicitly agreed and warranted to install the floor in a workmanlike manner using the degree of care and skill that a contractor of ordinary prudence would have exercised under comparable circumstances. P.F. Chang's orally accepted Western Flooring's proposal as stated in Exhibit C.

7.      P.F. Chang's, like all restaurants, uses water and liquid cleaning products to clean the floors in the "back of the house." The West Hartford Restaurant is on the second floor of the West Farms Mall. It was therefore particularly important that the flooring to be installed by Western Flooring be waterproof, because otherwise water and other liquids would leak into the space below.

8.      In September and October 2008, Western Flooring installed an epoxy floor at the West Hartford Restaurant.

9.      Thereafter, P.F. Chang's paid Western Flooring the agreed contract price as stated above.

10.     The floor installed by Western Flooring included what it called a "dry pack", which was used to slope the floor to the floor drains, and was to be covered by a Western Flooring custom-mixed epoxy flooring material and a polyurethane top coat. The dry pack was also a Western Flooring custom mix, and was made up of an epoxy polymer product and silica

sand. Western Flooring impliedly agreed and warranted that such custom mixes would be suitable to create a waterproof floor with a reasonable useful life.

11.     Western Flooring (a) mixed and/or installed its custom dry pack negligently and improperly, and (b) applied the epoxy flooring material with insufficient thickness.

12.     As a result of the foregoing, the epoxy flooring material was prone to cracking and deterioration and the dry pack was unable to support the epoxy flooring material on top of it, so that, beginning within approximately eight months or less of installation, that epoxy flooring material began to crack, and thereafter continued to crack. This allowed water to penetrate into and, ultimately, saturate the dry pack, causing a total failure of the floor. This resulted in water and other liquids leaking into the space below the West Hartford Restaurant.

13.     Despite demands beginning in or about June 2009, Western Flooring refused to take the necessary corrective or remedial action.

14.     As a result of the foregoing, P.F. Chang's was forced to incur costs of investigation and leak containment and, ultimately, to demolish and replace the entire floor that Western Flooring had installed. The demolition and replacement work had to be performed at night and in small increments so as to minimize disruption to restaurant operations. This substantially increased the cost. Such work was completed in or about March 2010 for a total cost to P.F. Chang's in excess of $170,000 exclusive of internal costs.

15.     As a further result of the leaks caused by the failure of the floor, a tenant occupying the space below the West Hartford Restaurant, The Gap, has asserted a claim against

P.F. Chang's for substantial damages. As a further result of the failure of the floor, P.F. Chang's has reimbursed The Gap for certain water damage repair costs. Other third parties — including the owner of the West Farms Mall — may also assert claims against P.F. Chang's resulting from the failure of the flooring installed by Western Flooring.

16.    Such damages, including potential future exposure to third party claims, was proximately caused by Western Flooring's breach, as aforesaid, of its duty of care owed to P.F. Chang's.

### SIXTH COUNT

(Recklessness — West Hartford Premises)

1-6.    The allegations of Paragraphs 1 through 6 of the Fifth Count are incorporated herein by reference.

7    P.F. Chang's, like all restaurants, uses water and liquid cleaning products to clean the floors in the "back of the house." The West Hartford Restaurant was on the second floor of the West Farms Mall. It was therefore particularly important that the flooring to be installed by Western Flooring be waterproof, because otherwise liquids would leak into the space below. Western Flooring knew or should have known that, because of these conditions and circumstances, there was a substantial risk of damage to others, and that consequently P.F. Chang's would be exposed to substantial potential liability if the floor failed and/or was not waterproof.

8-10.   The allegations of Paragraphs 8 through 10 of the Fifth Count are incorporated herein by reference.

11.     Western Flooring mixed and/or installed the dry pack with reckless disregard for the rights of others, in that it used insufficient amounts of polymer epoxy product and excessive amounts of sand, even though it knew or should have known that such mixture would result in the failure of the floor.  On information and belief, Western Flooring decreased the necessary ratio of polymer epoxy to sand because the former is substantially more expensive than the latter. Further, on information and belief, Western Flooring applied the epoxy flooring material with insufficient thickness in order to minimize its material costs, although it knew or should have known that this would render that material prone to cracking and deterioration

12-15.  The allegations of Paragraphs 12 through 15 of the Fifth Count are incorporated herein by reference.

16.     Such damages, including potential exposure to third party claims, was proximately caused by the reckless conduct of Western Flooring as described above.

## SEVENTH COUNT

(Breach of Contract – West Hartford Premises)

1-15.   The allegations of Paragraphs 1 through 15 of the Fifth Count are incorporated herein by reference.

16.     Such damage, including potential future exposure to third party claims, was caused by Western Flooring's breach of contract as described above.

## EIGHTH COUNT

### (Breach of Implied Warranty – West Hartford Premises)

1-15.   The allegations of Paragraphs 1 through 15 of the Fifth Count are incorporated herein by reference.

16.     Such damage, including potential future exposure to third party claims, was caused by Western Flooring's breach, as described above, of the implied warranties described in ¶¶ 6 and 10 above.

## NINTH COUNT

### (Declaratory Judgment – West Hartford Premises)

1-16.   The allegations of Paragraphs 1 through 16 of the Fifth Count are incorporated herein by reference.

17-19.  The allegations of Paragraphs 16 of the Sixth Count, Paragraph 16 of the Seventh Count and Paragraph 16 of the Eighth Count are incorporated herein by reference as Paragraphs 17 through 19, respectively, of the Ninth Count.

20.     As a result of the foregoing, Western Flooring is liable to indemnify P.F. Chang's with respect to any claims that may be asserted against P.F. Chang's by third parties as a result of the failure of the flooring installed by Western Flooring.

21.     There is an actual controversy between the parties concerning whether Western Flooring is obligated to indemnify P.F. Chang's for third party claims as alleged in ¶20.

22.     P.F. Chang's seeks a declaratory judgment pursuant to 28 U.S.C. §2201 that Western Flooring is obligated to indemnify P.F. Chang's for any third party claims asserted against P.F. Chang's as a result of the failure of the flooring installed by Western Flooring.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, P.F. Chang's China Bistro, Inc., respectfully requests an entry of judgment from this Court awarding:

A.   Compensatory damages;

B.   Punitive damages including attorneys fees pursuant to the Sixth Count;

C.   A declaratory judgment pursuant to 28 U.S.C. §2201 that Western Flooring is obligated to indemnify P.F. Chang's for any third party claims asserted against P.F. Chang's as a result of the failure of the flooring installed by Western Flooring at both the Natick, Massachusetts and West Hartford, Connecticut premises.

D.   Costs of this action; and

E.   Such other relief as may be appropriate.

Dated at Hartford, Connecticut this 3rd day of March, 2011.

P.F. CHANG'S CHINA BISTRO, INC.,
Plaintiff

By:_____/s/____David S. Hoopes_____ ____
    David S. Hoopes
    Mayo Crowe LLC
    CityPlace II
    185 Asylum Street
    Hartford, CT 06103-3426
    Fax:  (860) 275-6819
    E-mail:  dhoopes@mayocrowe.com
    Federal Bar No.:  BBO 129045
    Its Attorneys